## THE HUSTLER.

### THE W. E. STREET.

(Circuit Court of Appeals, Second Circuit.  January 22, 1908.)

#### No. 122.

COLLISION—TUG AND MEETING TOW—FAILURE TO ALLOW SUFFICIENT ROOM.

A collision in East river between a descending flotilla in tow and a meeting tug, in which some of the boats in the flotilla were injured by being crowded together, *held* due to the fault of the up-bound tug in failing to allow sufficient room in passing, and not to the crowding of another .tug and tow bound down on the opposite side of the flotilla.

Appeal from the District Court of the United States for the Southern District of New York.

James J. Macklin and La Roy S. Gove, for appellants.
A. F. Cushman, for The Hustler.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.  January 11, 1905, about 8 p. m., on the last of the ebb tide, just below the Brooklyn Bridge, in about the center of the East river, three tows got into the following situation, viz.:  The derrick Century, on the port side of the tug Hustler bound down the river, came alongside the first or first and second tiers of a flotilla of four tiers of light canal boats, four boats in each tier, also bound down the river in tow of the tugs Robinson and Bully, towing tandem; and the port bow of the tug Street, bound up the river with a loaded canal boat on her starboard side, struck a glancing blow against the port side of the port hawser boat of the flotilla.  No damage was done to the sides of the boats on the starboard side of the flotilla, or to the port hawser boat, or to the tug Street.  The libel is for bow and stern damage to the boat Frank, outside boat in the second tier on the starboard side, and the Wild West, outside boat in the third tier on the port side, evidently resulting from the tiers running together.

The Robinson and Street and the Robinson and Hustler exchanged signals of one whistle, whereby it was agreed that the Hustler, going down, and the Street, going up, should pass the flotilla port to port.  The Hustler explains the situation by saying that the Robinson and Bully pulled the tow right across her course, while the Street (corroborated by the Robinson and Bully) says that the Hustler and her tow shoved the flotilla out of line with its tugs across the course of the Street.  The district judge thought that this latter explanation was in-credible, and we quite agree with him.  If the Hustler and tow were going down the stream with and alongside of the flotilla, we do not see how she could shove these light boats diagonally out of line with their tugs, especially without doing them some injury.  The account of the Hustler is not improbable.  There is at the Brooklyn Bridge a bend in the East river of several points to the south and east.  If the Robinson and Bully, instead of starboarding to conform to this bend, held the course they were following above the bridge, they would be heading to the Battery, and would bring their flotilla across the course of the

Hustler; and the Street, wrongly supposing that the tugs had starboarded, might naturally think that the flotilla was being shoved over by the Hustler and her tow. We think that the Street misapprehended the situation, and that the district judge was right in holding that the collision was due solely to her fault in not porting sufficiently to keep out of the way.

The decree is affirmed, with costs.